ACCEPTED
01-15-00990-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/24/2015 6:30:12 PM
CHRISTOPHER PRINE
CLERK

No. ___15___ - ___00990___ - CV

IN THE COURT OF APPEALS
FOR THE FIRST OR FOURTEENTH DISTRICT
OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/24/2015 6:30:12 PM
CHRISTOPHER A. PRINE
Clerk

*In re Arnold & Itkin, L.L.P., Beck Redden, L.L.P., Albritton Law Firm, Kurt Arnold, Cory Itkin, Jason Itkin, Russell Post, Fields Alexander, Jas Brar and Eric Albritton*
*Relators*

Original Proceeding from the 11th Judicial District Court
Harris County, Texas
The Honorable Mike D. Miller, Presiding
Trial Court No. 2015-28543

## PETITION FOR WRIT OF MANDAMUS

Jeremy L. Doyle
(SBN: 24012553)
James Schuelke
(SBN: 24075037)
REYNOLDS FRIZZELL
LLP
1100 Louisiana, Suite 3500
Houston, Texas 77002
PH: (713) 485-7200
Fax: (713) 485-7250
jdoyle@reynoldsfrizzell.com
jschuelke@reynoldsfrizzell.com

*Counsel for Relators Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin, and Jason Itkin*

Reagan W. Simpson
(SBN: 18404700)
YETTER COLEMAN
LLP
909 Fannin, Suite 3600
Houston, Texas 77010
PH: (713) 632-8000
Fax: (713) 632-8002
rsimpson@yettercoleman.com

*Counsel for Relators Beck Redden L.L.P., Russell Post, Fields Alexander, and Jas Brar*

Billy Shepherd
(SBN: 18219700)
Allison Standish Miller
(SBN:24046440)
SHEPHERD PREWETT
MILLER PLLC
770 South Post Oak Lane,
Suite 420
Houston, Texas 77056
PH: (713) 995-4440
Fax: (713) 766-6542
bshepherd@spmlegal.com
amiller@spmlegal.com

*Counsel for Relators Albritton Law Firm & Eric Albritton*

(Additional Counsel for Relators on Following Page)

**Additional Counsel for Relators**

John Scott Black (SBN: 24012292)
DALY & BLACK, P.C.
2211 Norfolk, Suite 800
Houston, Texas 77008
PH: (713) 655-1405
Fax: (713) 655-1587
jblack@dalyblack.com
*Counsel for Relators Arnold & Itkin, L.L.P.,*
*Kurt Arnold, Cory Itkin, and Jason Itkin*

Sam Houston (SBN: 10059550)
SCOTT, CLAWATER & HOUSTON
L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019-2133
PH: (713) 650-6600
Fax: (713) 650-1720
shouston@sschlaw.com
*Counsel for Relators Arnold &*
*Itkin, L.L.P., Kurt Arnold,*
*Cory Itkin, and Jason Itkin*

# IDENTITY OF PARTIES AND COUNSEL

**Relators**

*Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin, and Jason Itkin*

Represented by:

Jeremy L. Doyle
James Schuelke
Reynolds Frizzell LLP
1100 Louisiana, Suite 3500
Houston, Texas 77002
PH: (713) 485-7200
Fax: (713) 485-7250
jdoyle@reynoldsfrizzell.com
jschuelke@reynoldsfrizzell.com

Sam Houston
Scott, Clawater & Houston L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019-2133
PH: (713) 650-6600
Fax: (713) 650-1720
shouston@sschlaw.com

John Scott Black
Daly & Black, P.C.
2211 Norfolk, Suite 800
Houston, Texas 77008
PH: (713) 655-1405
Fax: (713) 655-1587
jblack@dalyblack.com

*Beck Redden L.L.P., Russell Post, Fields Alexander, and Jas Brar*

Represented by:

Reagan W. Simpson
Yetter Coleman LLP
909 Fannin, Suite 3600
Houston, Texas 77010
PH: (713) 632-8000
Fax: (713) 632-8002
rsimpson@yettercoleman.com

*Albritton Law Firm & Eric Albritton*

Represented by:

Billy Shepherd
Allison Standish Miller
Shepherd Prewett Miller PLLC
770 South Post Oak Lane, Suite 420
Houston, Texas 77056
PH: (713) 995-4440
Fax: (713) 766-6542
bshepherd@spmlegal.com
amiller@spmlegal.com

i

**Respondent**

*The Honorable Mike D. Miller*
Harris County Civil Courthouse
11th Civil Court
201 Caroline, 9th Floor
Houston, Texas 77002
PH: (713) 368-6020

**Real Parties in Interest**

*Maria Santos Lopez Dominguez, Individually and as Next friend of Karen Marien Andrade Lopez, Mairet Sameli Andrade Lopez and Imar Gerardine Andrade Lopez on behalf of the Estate of Omar Gerardo Andrade Zarate*

*Gabriel Gonzalez Toral*

*Jorge Arturo Jimenez Rangel*

*Antonio Montero Hernandez*

*Juan Antonio Palafox Navarette*

*Leonel Fernandez Rivera*

*Fernando Augusto Cervera Ramirez*

*Libia Arredondo Chavez, individually and as Next Friend of Jorge Ricardo Barrancos Arredondo and Pedro Santiago Barrancos Arredondo on behalf of the Estate of Jorge Alonso Barrancos Dzul*

*Pastor Garcia Ocana*

*Jorge Guzman Martinez*

*Aldo Antonio Lopez Lorenzo and Monica Lopez*

*Miguel Cobos Salas*

*Jose Pedro Cobos Quiroz*

*Oscar Romero Ortega*

*Sergio Rosado Cortes*

*Sergio Solis Ponce*

*Martin Zuniga Salazar*

*Josefa Santos Castellano, Individually and as Representative of the Estate of Benito De Los Santos*

*Joel Santos Ventura, Individually and as Representative of the Estate of Benito De Los Santos*

*Aleli Jiminez Perez, Individually and as Representative of the Estate of Aroer May Jimenez*

*Tayde Maria Pozo Roble, Individually and as Representative of the Estate of Leandro Manuel Hernandez Pozo*

*Miguel Hernandez Chan, Individually and as Representative of the Estate of*

ii

*Leandro Manuel Hernandez Pozo*
*Eudocio Alejandro Jacome Gomez*

Represented by:

Lance Christopher Kassab
(SBN: 00794070)
David Eric Kassab
(SBN: 24071351)
The Kassab Law Firm
1420 Alabama
Houston, Texas  77004
PH: (713) 522-7400
Fax: (713) 522-7410
lck@texaslegalmalpractice.com
dek@texaslegalmalpractice.com

Brett Wagner (SBN: 20654270)
Larry Joe Doherty
(SBN: 05950000)
Ryan W. Smith (SBN: 24063010)
Doherty ✶ Wagner
13810 Champion Forest Drive
Suite 225
Houston, Texas  77069
PH: (281) 583-8700
Fax: (281) 583-8701
brett@dwlawyers.com
larry@dwlawyers.com
ryan@dwlawyers.com

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ....................................................................................... iv-v

TABLE OF AUTHORITIES ................................................................................. vi-vii

STATEMENT OF THE CASE ................................................................................... 1

STATEMENT OF JURISDICTION .......................................................................... 2

RECORD REFERENCES ........................................................................................ 2

ISSUES PRESENTED ............................................................................................. 2

STATEMENT OF FACTS ........................................................................................ 3

      A.     The Underlying Lawsuit .................................................................... 4

      B.     The *Forum Non Conveniens* Argument in the Underlying
            Lawsuit ............................................................................................ 5

      C.     The Filing of This Lawsuit ............................................................... 8

      D.     Realtors' Pleas to the Jurisdiction and Pleas in Abatement ............... 9

STANDARD OF REVIEW ..................................................................................... 10

SUMMARY OF THE ARGUMENT ....................................................................... 11

ARGUMENT .......................................................................................................... 13

      I.     The Trial Court Clearly Abused Its Discretion By Failing to Grant
          Relators' Plea to the Jurisdiction ...................................................... 13

          A. Premature Lawsuits Must be Dismissed ..................................... 13

          B. This Lawsuit is Premature ......................................................... 14

      II.    The Trial Court Clearly Abused Its Discretion By Failing to Grant
          Relators' Plea in Abatement ............................................................ 17

A. Legal Malpractice Claims Arising From Litigation Are Not Viable Until the Underlying Litigation is Fully and Finally Resolved. ..................................................................17

B. The Only Texas Appellate Courts to Confront This Issue Have Held That This Action Must Be Abated......................................21

III. Relators Have No Adequate Remedy on Appeal ...........................24

PRAYER ..........................................................................................28

**APPENDIX**

Order Denying Defendants' Plea to the Jurisdiction And Plea in Abatement
APP001-APP003 ..........................................................................TAB 1

Amended Order Denying Defendants' Pleas in Abatement and Pleas to the Jurisdiction and Granting Permission to File Interlocutory Appeal From Order
APP004-APP006 ..........................................................................TAB 2

# TABLE OF AUTHORITIES

**CASES**                                                                              **PAGE**

*Atkins v. Crosland*
       417 S.W.2d 150 (Tex. 1967)......................................................................23

*Greathouse v. McConnell*
       982 S.W.2d 165 (Tex. App. – Houston [1st Dist.] 1998, pet. denied) ........19

*In re: Apex Towing Co.*
       41 S.W.3d 118 (Tex. 2001)...................................................... 17-18, 20, 22

*In re Bridgestone Americas Tire Operations, LLC,*
       459 S.W.3d 565 (Tex. 2014)...................................................................14

*In re Olshan Found. Repair Co.*
       328 S.W.3d 883 (Tex. 2010)...................................................................10

*In re Pirelli Tire, L.L.C.*
       247 S.W.3d 670 (Tex. 2007)...................................................................14

*In re Prudential Ins. Co. of Am.*
       148 S.W.3d 124 (Tex. 2004)..............................................................11, 24

*In re Reece*
       341 S.W.3d 360 (Tex. 2011) (orig. proceeding)..........................................10

*In re: Southwestern Bell Tel. Co.*
       35 S.W.3d 602 (Tex. 2000)...................................................................13

*In re Team Rocket, L.P.*
       256 S.W.3d 257 (Tex. 2008)...................................................................10

*In re Texas Collegiate Baseball League, Ltd.*
       367 S.W.3d 462 (Tex. App. – Ft. Worth 2012, orig. proceeding)........ 21-24

*In re United Scaffolding, Inc.*
       301 S.W.3d 661 (Tex. 2010)...................................................................10

*In re Van Waters & Rogers*
    145 S.W.3d 203 (Tex. 2004) (orig. proceeding)..........................................25

*Mahaney & Higgins*
    821 S.W.2d 154 (Tex. 1992).....................................................................17

*Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.*
    971 S.W.2d 439 (Tex. 1998).....................................................................13

*Philips v. Giles*
    620 S.W.2d 750 (Tex. App. – Dallas 1981, no writ)............................16, 23

*Rothrock v. Akin, Gump, Hauer & Feld*
    1994 WL 183318, at *7 (Tex. App.—Dallas May 11, 1994, no pet.)........15

*Seguros Comercial Americas S.A. De C.V. v. Am. President Lines, Ltd.*,
    933 F. Supp. 1301 (S.D. Tex. 1996) ..........................................................14

*Stier v. Reading & Bates Corp.*
    992 S.W. 2d 423 (Tex. 1998)................................................................. 5-6

*Vasquez v. Bridgestone/Firestone, Inc.*
    325 F.3d 665 (5th Cir. 2003)......................................................................15

*Waco Ind. School Dist. v. Gibson*
    22 S.W.3d 849 (Tex. 2000)........................................................................13

*Zermano v. McDonnell Douglas Corp.*
    246 F. Supp. 2d 646 (S.D. Tex. 2003) .......................................................14

**STATUTES:**

Article V, § 6 of the Texas Constitution ...............................................................2

Texas Government Code section 22.221(b)(1) .....................................................2

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now Relators, Arnold & Itkin, L.L.P., Beck Redden, L.L.P., Albritton Law Firm, Kurt Arnold, Cory Itkin, Jason Itkin, Russell Post, Fields Alexander, Jas Brar, and Eric Albritton and file this Petition for Writ of Mandamus. In support thereof, Relators would respectfully show the Court as follows:

## STATEMENT OF THE CASE

This is a legal malpractice action filed by several citizens of Mexico, the Real Parties in Interest, against their former lawyers, the Relators. *See* R: 1-19. Relators represented the Real Parties in Interest in connection with certain personal injury claims arising out of an oil platform accident offshore of Mexico. *See* R: 21.

The Real Parties in Interest filed their personal injury claims relating to the Mexico accident in the United States District Court for the Eastern District of Texas against a number of corporate defendants. *Id.* The federal court conditionally dismissed that lawsuit on *forum non conveniens* grounds based on a determination that Mexico is the proper forum for the claims, since the accident occurred in Mexico and the Real Parties in Interest are all Mexican citizens. *See* R: 61-90.

The Real Parties in Interest stopped pursuing their personal injury claims against the underlying defendants, and filed this legal malpractice action against their lawyers for not defeating the *forum non conveniens* motion. *See* R: 1-19.

1

Relators filed pleas to the jurisdiction and pleas in abatement seeking dismissal or abatement of this action until the Real Parties in Interest obtain a final resolution of their underlying personal injury claims. *See* R: 21-31; 51-58.

The Respondent is the Honorable Mike D. Miller, judge of the 11th Judicial District Court for Harris County, Texas.

On September 17, 2015 and November 9, 2015, Respondent entered orders denying Relators' pleas to the jurisdiction and pleas in abatement. *See* App: 001-006. This Petition for Writ of Mandamus arises from those Orders.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to grant these Relators' Petition for Writ of Mandamus pursuant to Texas Government Code section 22.221(b)(1) and Article V, § 6 of the Texas Constitution.

## RECORD REFERENCES

The Appendix to Relators' Petition for Writ of Mandamus will be referenced as "App: [page number]."

The Record in Support of Relators' Petition for Writ of Mandamus will be referenced as "R: [page number]."

## ISSUES PRESENTED

Whether the trial court committed a clear abuse of discretion for which Relators have no adequate remedy of appeal by failing to grant Relators' plea to the jurisdiction and/or plea in abatement when:

2

(1) This is a legal malpractice action, but the underlying litigation in which the alleged legal malpractice occurred has not yet been litigated to final resolution, so whether Real Parties in Interest have been injured, and if so, in what amount, is not known;

(2) Real Parties in Interest stopped pursuing their underlying personal injury claims after they lost a *forum non conveniens* argument, and decided instead to sue their litigation counsel for malpractice for losing the forum argument;

(3) The federal court overseeing the underlying lawsuit entered a conditional dismissal order inviting the Real Parties in Interest to reinstate their personal injury claims in Texas federal court if the Mexico courts do not accept jurisdiction over them, yet Real Parties in Interest abandoned their personal injury claims and filed this action seeking to litigate in Texas state court the hypothetical questions of whether a Mexico court or Texas federal court would in the future accept jurisdiction over their underlying claims; and

(4) The Real Parties in Interest's claims in this action are premature and not ripe because they depend on contingent and hypothetical events.

## STATEMENT OF FACTS

Real Parties in Interest are several Mexican citizens who previously filed personal injury claims in the United States District Court for the Eastern District of Texas arising out an oil platform accident offshore of Mexico. *See* R: 1-19. Relators are lawyers and law firms who represented the Real Parties in Interest in

3

that litigation in the Eastern District of Texas. *See* R: 51-59. This legal malpractice action arises out of Relators' representation of the Real Parties in Interest. *See* R: 1-19.

## A. The Underlying Lawsuit

In 2007, Real Parties in Interest and their decedents were victims of an offshore drilling accident. *See* R: 21. In October of that year, a powerful storm developed in the Bay of Campeche, where the Usumancinta, a mobile drilling rig, was positioned near the oil production platform KAB-101, approximately ten miles north of the Mexican coast. *See* R: 62. As a result of the inclement weather, the structures collided, forcing the occupants to evacuate the platform. *See* R: 63. Despite rescue efforts, twenty-two offshore workers ultimately perished and many more were injured. *Id.*

In October 2008, Relators filed personal injury lawsuits in the United States District Court for the Eastern District of Texas on behalf of Real Parties in Interest and others, all of whom are residents of Mexico, against Gulf Coast Marine & Associates, Inc., Schlumberger Technology Corporation, Haliburton Energy Services, Inc., Matthews-Daniel Company, and Glen Carter, an American employee of Gulf Coast (collectively, "Personal Injury Defendants"). *See* R: 61-62.

4

**B. The *Forum Non Conveniens* Argument in the Underlying Lawsuit**

The Personal Injury Defendants filed a motion to dismiss the lawsuits on the basis of *forum non conveniens*, arguing that Mexico is the proper forum for the personal injury claims. *See* R: 62. The core of their argument was that the Real Parties in Interest are Mexican citizens, they reside in Mexico, and the accident that gave rise to their claims occurred offshore of Mexico, so Mexico is the proper forum to adjudicate those claims. *See* R: 65-66.

On May 29, 2009, Judge Ron Clark determined that Mexico is an available and adequate forum for the Real Parties in Interest's underlying claims, and he conditionally granted the *forum non conveniens* motion. *See* R: 296-308. The Personal Injury Defendants stipulated that they would agree to jurisdiction in Mexico and waive any statute of limitations or laches defense they had to the Real Parties in Interest's claims. *See* R: 311-19. Judge Clark subsequently recused himself, vacated his dismissal order, and the case was assigned to the Honorable T. John Ward, also of the Eastern District of Texas.

Judge Ward first dismissed without prejudice the federal maritime claims asserted by the Real Parties in Interest because the Jones Act precludes such claims where, as here, foreign law provides any remedy for foreign citizens injured outside of U.S. waters. *See* R: 327-37. *See also Stier v. Reading & Bates Corp.*, 992 S.W. 2d 423, 425-8 (Tex. 1998). He also dismissed the Texas state law claims

5

because the Jones Act preempts such claims.  *See* R: 327-37; *Stier*, 992 S.W.2d at 429.

On April 20, 2011, Judge Ward again conditionally granted the motion to dismiss based on *forum non conveniens*.  *See* R: 61-87.  Judge Ward noted in his order that "the Fifth Circuit has made it abundantly clear that where the Defendants will submit to jurisdiction, Mexico is an available and adequate forum for the resolution of these types of disputes," and he cited to Fifth Circuit case law stating that there is "a nearly airtight presumption that Mexico is an available forum."  *See* R: 68-69, fn 5.

As conditions to granting the *forum non conveniens* motion, Judge Ward required the Personal Injury Defendants to again stipulate that they would "appear and submit themselves to the jurisdiction of a Mexican federal or state court, waiving any jurisdictional defenses they might normally possess" and that they would "waive any statute of limitations defense that they did not possess as of the date that each of the seven cases was originally filed."  *See* R: 84-85.  The Personal Injury Defendants complied by filing a second stipulation in federal court in which they stipulated that they would agree to submit to jurisdiction in Mexico, waive any statute of limitations and laches defenses, agree to discovery in Mexico, and make all witnesses and documents available in Mexico.  *See* R: 323-24.

With that stipulation, Judge Ward conditionally dismissed the case on May 4, 2011.  *See* R: 323-24. The dismissal of the underlying lawsuit was conditional

6

because it included a return-jurisdiction clause. *See* R: 324. The Fifth Circuit requires such a clause in a *forum non conveniens* dismissal in order to protect the Real Parties in Interest from suffering prejudice if the courts in Mexico do not accept jurisdiction. *See* R: 84. Judge Ward's order stated the following:

> Should the courts of Mexico refuse to accept jurisdiction of this case for reasons other than the Plaintiff's refusal to pursue an action or to comply with the procedural requirements of Mexican courts, this Court may reassert jurisdiction upon timely notification of the same.

*See* R: 324

Following Judge Ward's order, Mexico counsel for the Real Parties in Interest filed a series of individual complaints in Mexico court on behalf of a number of the Real Parties in Interest. *See* R: 37-38. The Mexico court summarily rejected, on jurisdictional grounds, each of the complaints that were filed. *Id.*

Relators (on behalf of Real Parties in Interest) filed a motion to reinstate the Personal Injury Claims in the District Court for the Eastern District of Texas. *See* R: 108-111. Relators argued that the rejection of the complaints filed in Mexico showed that the courts of Mexico had refused to accept jurisdiction over the personal injury claims. *Id.* The Personal Injury Defendants opposed reinstatement. *See* R: 38.

Judge Ward retired from the bench, so the Honorable Marcia Crone considered the motion to reinstate. On May 14, 2014, Judge Crone declined to reinstate the Personal Injury Claims at that time. *See* R: 35-49. Judge Crone

7

determined that "Plaintiffs can revise their complaints and re-file them in Mexico," and that the Mexico courts should accept jurisdiction over Plaintiffs' claims. *See* R: 48-49.

Judge Crone based her decision on an analysis of Mexican law, the expert opinions provided to her, and "the clear Mexican legal authority supporting the exercise of jurisdiction in cases where, as here, Defendants have consented in writing to the jurisdiction of the Mexican courts." *See* R: 43-48. Judge Crone concluded that the Real Parties in Interest had not adequately informed the court in Mexico that the Personal Injury Defendants had consented to jurisdiction in Mexico and waived limitations and jurisdictional defenses, and therefore had not fulfilled the requirements of the return jurisdiction clause. *Id.*

Judge Crone ordered that the Real Parties in Interest must return to Mexico and diligently pursue their Personal Injury Claims there before seeking to have them reinstated in the Texas federal court. Her Order stated the following: "[Real Parties in Interest] shall not seek reinstatement in this court unless and until they have pursued their claims in Mexico with diligence and good faith, including seeking final appellate review of any Mexican dismissal order." *See* R: 49.

### C. The Filing of This Lawsuit

The Real Parties in Interest did not re-file their claims in Mexico. Instead, the Real Parties in Interest filed the present suit against Relators in Harris County District Court. *See* R: 1. The Real Parties in Interest made no intervening filings

and received no subsequent orders or judgments relating to their Personal Injury Claims.

**D. Relators' Pleas to the Jurisdiction and Pleas in Abatement**

On July 10, 2015, Relators Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin, and Jason Itkin filed a Plea to the Jurisdiction, and, in the alternative, Plea in Abatement. *See* R: 21-31. On the same date, Relators Beck Redden, L.L.P., Russell Post, Fields Alexander, and Jas Brar also filed a Plea to the Jurisdiction, and, in the alternative, Plea in Abatement. *See* R: 51-58. Relators Albritton Law Firm and Eric Albritton joined in both of those pleadings. *See* R: 119-20.

On August 17, 2015, the trial court conducted a hearing on the Pleas in Abatement and Pleas to the Jurisdiction filed by Relators. *See* App. 004. On September 17, 2015, the Court signed an order denying the Pleas in Abatement and Pleas to the Jurisdiction. *See* App. 001-002.

On October 2, 2015, Relators filed a motion for permission to file an interlocutory appeal from the Court's September 17, 2015 order pursuant to §51.014(d) of the Texas Civil Practices & Remedies Code. *See* App. 004. The trial court conducted a hearing on that motion on October 16, 2015. *Id.* On November 9, 2015, the Court signed an order granting Relators permission to file an interlocutory appeal. *See* App: 004-006. In that order, the Court identified the following issue for interlocutory appeal: "Whether this case, as pleaded by plaintiffs, is ripe for adjudication." *See* App: 005.

Relators are filing a Petition for Interlocutory Review on the issue of ripeness simultaneously with the filing of this Petition for Writ of Mandamus. This Petition for Writ of Mandamus arises from the trial court's September 17, 2015 and November 9, 2015 orders and concerns (i) Relators' request for dismissal of this action on the grounds that the legal malpractice claims are not ripe; and (ii) Relators' alternative request for an abatement of this action.

## STANDARD OF REVIEW

Mandamus relief is appropriate when a trial court clearly abuses its discretion and there is no adequate remedy at law. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision that is arbitrary and unreasonable such that it amounts to a clear and prejudicial error of law or when it fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding). An erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *In re United Scaffolding, Inc.*, 301 S.W.3d 661, 663 (Tex. 2010) (orig. proceeding).

The adequacy of an appellate remedy is determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In balancing the benefits and detriments, the court considers whether mandamus will "preserve important substantive and procedural rights from impairment or loss, allow the appellate

courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The question of whether there is an adequate remedy by appeal "is not an abstract or formulaic one; it is practical and prudential." *Id.*

## SUMMARY OF ARGUMENT

The issue in this mandamus is whether plaintiffs to a lawsuit whose claims are conditionally dismissed on *forum non conveniens* ground can elect to drop their claims and instead sue their attorneys for legal malpractice in connection with losing that *forum non conveniens* motion. Texas law is clear that they cannot. Litigants must first pursue their underlying claims to a final resolution.

The Real Parties in Interest's legal malpractice claims are premature and not ripe for adjudication. They have not suffered any injury at this point, and they may never suffer any injury depending on how their underlying claims turn out. The legal malpractice claims against Relators depend on contingent and hypothetical future events, such as whether a court in Mexico will accept jurisdiction over their underlying personal injury claims and, if not, whether the federal court will reinstate the personal injury claims pursuant to the return jurisdiction clause. The

11

trial court abused its discretion when it denied Relators' plea to the jurisdiction and failed to dismiss this premature lawsuit.

Even if Real Parties in Interest's claims have technically accrued, this action must be abated pending the outcome of their underlying claims against the Personal Injury Defendants. The legal malpractice claims may have no merit depending on the outcome of the personal injury claims. The harm suffered by the Real Parties Interest as a result of Relators' alleged malpractice, if any, has not come to pass and cannot be known until the underlying claims reach a final resolution.

Mandamus is required because appeal is not an adequate remedy. Relators have a right to know the actual outcome of the underlying personal injury claims, and what harm, if any, the Real Parties in Interest have actually suffered, before Relators have to defend a legal malpractice action arising out of their representation of the Real Parties in Interest.

Further, the Real Parties in Interest have claims against the Personal Injury Defendants who actually caused the oil platform accident. Judge Crone determined that the Real Parties in Interest have the ability to re-file those claims in Mexico. If the Mexico courts do not accept jurisdiction, the return jurisdiction clause in Judge Ward's conditional dismissal order provides the right to reinstate the personal injury claims in U.S. federal court. Each of those rights will be lost or impaired absent mandamus relief.

12

# ARGUMENT

## I. The Trial Court Clearly Abused Its Discretion By Failing to Grant Relators' Plea to the Jurisdiction

### A. Premature Lawsuits Must be Dismissed

Texas courts are prohibited from hearing cases that are not yet ripe. *Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998). "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.*

Ripeness "is a threshold issue that implicates subject matter jurisdiction and like standing, emphasizes the need for a concrete injury for a justiciable claim to be presented." *Id.* at 442. "[T]he ripeness doctrine allows courts to avoid premature adjudication, and serves the constitutional interests in prohibiting advisory opinions." *Waco Ind. School Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000) (citing *Patterson*). Texas courts should reserve judicial resources for actual, as opposed to hypothetical, cases.

For the reasons explained herein, this legal malpractice action is premature and the trial court lacks jurisdiction to proceed with it. The Texas Supreme Court has recognized that a trial court abuses its discretion and mandamus is proper when a trial court enters an order beyond its jurisdiction. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

13

## B.     This Lawsuit is Premature

The claims that the Real Parties in Interest assert in this action are not ripe. The Real Parties in Interest have not suffered any injury, and they may never suffer any injury. Their claims are premised on contingent and hypothetical facts.

The Real Parties in Interest allege that Relators should have convinced the Texas federal court that Mexico is an unavailable and inadequate forum for Plaintiffs' underlying claims and thus defeated the *forum non conveniens* challenge. *Forum non conveniens* is subject to discretion. Two federal judges in the underlying case (Judge Ron Clark, Judge T. John Ward) concluded that Mexico is an appropriate forum for the underlying personal injury claims, and Judge Crone reached the same conclusion in her recent order. *See* R: 296-308 (Clark); R: 61-87 (Ward); R: 35-49 (Crone).

Federal and state courts routinely grant *forum non conveniens* motions in lawsuits that involve accidents in foreign countries and plaintiffs who are citizens of those countries. *See*, *e.g.*, *Seguros Comercial Americas S.A. De C.V. v. Am. President Lines, Ltd.*, 933 F. Supp. 1301 (S.D. Tex. 1996); *Zermano v. McDonnell Douglas Corp.* 246 F. Supp. 2d 646 (S.D. Tex. 2003); *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670 (Tex. 2007) (finding that Mexico is available and adequate after rejecting arguments regarding limitations waivers and restrictions on discovery and damages in Mexico); *accord In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565 (Tex. 2014).

Regardless of whether the forum decisions by Judge Clark and Judge Ward were correct, the important thing is that they are not even final. Judge Ward's conditional dismissal order includes a return jurisdiction clause providing that the Real Parties in Interest can reinstate their claims in the Eastern District of Texas if the courts in Mexico do not accept jurisdiction. R. 87, 90. A return jurisdiction clause protects a plaintiff from suffering any injury if the foreign country does not accept jurisdiction, and the Fifth Circuit has held that it is an abuse of discretion not to include such a clause. *See Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675 (5th Cir. 2003).

Judge Ward also required the Personal Injury Defendants to stipulate that they would agree to jurisdiction in Mexico and would waive any statute of limitations and laches arguments in connection with the personal injury claims. R: 86-87. The Personal Injury Defendants filed two stipulations to that effect in federal court. R: 89-90; 315-19.

The Real Parties in Interest have not suffered any injury because they have not lost the right to pursue their personal injury claims in U.S. federal court. Judge Ward's order gives them the right to reinstate their U.S. lawsuit if Mexico courts do not accept jurisdiction over their claims, and Judge Crone's recent order recognized that right. Until the Real Parties in Interest see their underlying claims through to a final resolution, this lawsuit is premature. *See*, *e.g.*, *Rothrock v. Akin, Gump, Hauer & Feld*, 1994 WL 183318, at *7 (Tex. App.—Dallas May 11, 1994,

no pet.) ("Where the misfeasance or nonfeasance is intertwined with an adjudicative process that is necessary to complete invasion of the protected interest, injury is not suffered until an adjudicative decision is made."); *Philips v. Giles*, 620 S.W.2d 750, (Tex. App. – Dallas 1981, no writ) ("[W]e conclude relator's cause of action has not accrued because no tax liability has been established by the Internal Revenue Service. Thus, relator has yet to be injured.").

Proceeding with this legal malpractice action now would require the trial court to guess what decisions foreign and federal courts might make in the future about their own jurisdiction. The trial court would first have to decide whether a Mexican court would accept jurisdiction over and adjudicate the personal injury claims. Then, if the trial court were to make a hypothetical determination that the courts in Mexico would not accept jurisdiction, the court would have to determine whether under that hypothetical scenario the Real Parties in Interest could reinstate their claims in Texas federal court as the return jurisdiction clause provides. Any determination about how the Texas federal court would respond to a future motion to reinstate the claims would likewise be hypothetical and speculative. It would also interfere with the federal court's power to interpret its own orders.

The Real Parties in Interest assert claims that depend on hypothetical and contingent events, including guesses as to how foreign and federal courts would handle the continued prosecution of the underlying personal injury claims. As a result, the trial court had no choice but to dismiss the claims asserted in this lawsuit

16

on the grounds that they are not ripe.  The court lacks jurisdiction to proceed with this premature lawsuit.  The trial court abused its discretion when it denied Relators' plea to the jurisdiction.

## II. The Trial Court Clearly Abused Its Discretion By Failing to Grant Relators' Plea in Abatement

Alternatively, the trial court abused its discretion by declining to abate this action until the underlying personal injury claims reach a final resolution.  Under Texas law, legal malpractice claims arising from alleged malpractice in connection with representation during litigation cannot be prosecuted until the underlying litigation is fully and finally resolved.  The underlying claims that give rise to this legal malpractice action have not been finally resolved; instead they were conditionally dismissed for *forum non conveniens*. At a minimum, the trial court had no choice but to abate this action.

### A. Legal Malpractice Claims Arising From Litigation Are Not Viable Until the Underlying Litigation is Fully and Finally Resolved.

When an attorney commits malpractice while representing a party in litigation, the Texas Supreme Court has stated clearly that "the viability of [a legal malpractice] action depends on the outcome of the underlying litigation." *See In re Apex Towing Co.*, 41 S.W.3d 118, 121 (Tex. 2001).  That is one reason for tolling the statute of limitations for such legal malpractice actions until the underlying litigation reaches final resolution.  *Id.* (citing *Hughes v. Mahaney &*

17

*Higgins*, 821 S.W.2d 154, 157 (Tex. 1992) ("Limitations are tolled for the second cause of action because the viability of the second cause of action depends on the outcome of the first."). Until the underlying litigation reaches a final resolution and the outcome is known, legal malpractice claims based on alleged malpractice during that litigation are not viable under Texas law.

That law requires abatement of this lawsuit. The underlying personal injury claims of the Real Parties in Interest have not reached a final resolution. As the Supreme Court stated in *Hughes* and *Apex Towing*, the viability of the legal malpractice claims in this action depends on the actual outcome of those underlying personal injury claims, which, at present, is unknown. Abatement of the legal malpractice action in this context protects the same interest for defendants that tolling limitations protects for plaintiffs. It ensures that a party is not required to litigate a legal malpractice action before the outcome of the underlying suit is known.

If the Real Parties in Interest prosecute their claims to resolution in Mexico or in Texas federal court pursuant to the return-jurisdiction clause, the legal malpractice claims against Relators may be rendered moot. The crux of the claims in this action is that Relators should have defeated the *forum non conveniens* motion in the underlying lawsuit by demonstrating that Mexico is not an available and adequate forum. If the Real Parties in Interest re-file in Mexico, and if the Mexico court accepts jurisdiction over those claims, there would be no argument

that Mexico is not an available and adequate forum. Alternatively, if the Mexico courts refuse jurisdiction and the Real Parties in Interest are able to reinstate their claims in Texas federal court pursuant to the return jurisdiction clause, then the Real Parties in Interest can still prosecute their claims in their chosen forum. In either scenario, continued pursuit of the underlying claims would render this legal malpractice action moot.

The Real Parties in Interest acknowledge that the viability of their legal malpractice claims depends on the outcome of their underlying personal injury claims. They argued to the trial court, however, that they should be permitted to drop their underlying claims and offer speculative expert testimony about what the outcome of the claims *would be* if they continued to pursue their those claims to resolution.

Expert testimony cannot be used to overcome the fact that a lawsuit is premature. Expert testimony is admissible in legal malpractice cases that arise from prior litigation to prove "but for" causation. *See*, *e.g.*, *Greathouse v. McConnell*, 982 S.W.2d 165, 172-3 (Tex. App. – Houston [1st Dist.] 1998, pet. denied) ("When a legal malpractice case arises from prior litigation, the plaintiff has the burden to prove that, 'but for' the attorney's breach of duty, he or she would have prevailed on the underlying cause of action and would have been entitled to judgment. This aspect of the plaintiff's burden is commonly referred to as the 'suit within a suit' requirement.") (citations omitted). In every such case, however, the final outcome

19

of the prior litigation is known, and the expert only opines on how that actual outcome would have been different if there had been no malpractice.

Here, the underlying personal injury claims have not reached a final outcome. The Real Parties in Interest chose to drop those claims after losing an argument about forum. They intend to offer expert testimony, first to predict what the outcome would be if they continued to pursue their claims, and then to opine on how that predicted outcome would have been different "but for" the Relators' alleged malpractice. That is speculation on top of speculation. It also is in direct conflict with the Supreme Court's analysis in *Apex Towing*. If a litigant could simply offer expert testimony as to what the outcome of the underlying claims *would be* if they were litigated to conclusion, then the Supreme Court's statement that the "viability" of legal malpractice claims "depends on the outcome" of the underlying litigation would not be correct. *In re Apex Towing*, 41 S.W.3d at 121.

A party to a lawsuit who believes that his or her lawyer committed malpractice in connection with an argument about forum or venue cannot simply drop its underlying claims midstream in favor of pursuing legal malpractice claims against its lawyers. Under the rationale for the *Hughes* tolling doctrine as enunciated by the Supreme Court in *Hughes*, *Apex Towing,* and their progeny, the legal malpractice claims asserted by the Real Parties in Interest are not viable at this time because they depend on the outcome of the underlying personal injury claims, which is yet to be determined.

20

Texas courts should not adjudicate contingent and hypothetical disputes, particularly those that involve speculation about how foreign and federal courts would assess their own jurisdiction and give effect to their own orders. The trial court had no choice but to abate this action until the underlying claims are fully and finally resolved.

**B.      The Only Texas Appellate Courts to Confront This Issue Have Held That This Action Must Be Abated.**

The trial court's denial of Relators' plea in abatement is in conflict with the only court of appeals in Texas to address the issue of whether a legal malpractice claim premised on litigation malpractice must be abated pending a final outcome of the underlying claims. *See In re Texas Collegiate Baseball League, Ltd.*, 367 S.W.3d 462 (Tex. App. – Ft. Worth 2012, orig. proceeding).

*In re Texas Collegiate Baseball League, Ltd.* was a mandamus proceeding in which relators contended that "the trial court abused its discretion by denying their motion to abate the fee claim and malpractice claims until the [underlying litigation] and any related appeals are concluded." 367 S.W. 3d at 465. The Fort Worth Court of Appeals noted that the parties in that case agreed that the malpractice claims were not mature and should be abated, but disagreed as to whether a related fee claim must also be abated. *Id.* at 466. In analyzing that issue, the court discussed the reasons why the fee claims and the malpractice claims must be abated pending the resolution of the underlying litigation.

21

First, the court pointed out that "the malpractice allegations and damage theories will remain fluid until the [underlying litigations] conclude. *Id*. at 468 (citing *Apex Towing Co.*, 411 S.W.3d at 121). The court then explained the rationale for abatement: "It makes little sense for the parties to conduct discovery and prepare for trial concerning the fee claim and the legal malpractice claims in this litigation while the [underlying litigations] remain pending. Indeed, [the] malpractice claims may have no merit upon final resolution of the [underlying] litigations." *Id*.

Based on that reasoning, the Fort Worth court of appeals concluded "the trial court had no viable option other than to grant the motion" to abate the legal malpractice and related fee claims. *Id*. The court found that "the trial court abused its discretion by denying [the] motion to abate the portions of this case relating to the fee claim and malpractice claims pending the outcome of the [underlying] litigations," and granted the writ of mandamus. *Id*.

The trial court in this case similarly had no option other than to grant Relators' plea in abatement until the Real Parties in Interest litigate their personal injury claims to resolution. The malpractice claims in this action remain fluid, and speculative, until the underlying claims are resolved on the merits, just like the claims at issue in *In re Texas Collegiate Baseball League, Ltd*. The fact that the Real Parties in Interest have for the moment stopped pursuing their underlying claims does not alter the analysis. The malpractice claims asserted by the Real

22

Parties in Interest may have no merit once the underlying claims reach a final resolution.

The trial court's denial of Relators' plea in abatement is also in conflict with the Dallas Court of Appeals decision in *Philips v. Giles*, 620 S.W.2d 750, 750 (Tex. Civ. App.—Dallas 1981, no writ). In *Philips*, a client sued for damages arising from alleged legal malpractice in a divorce settlement. During divorce proceedings, the attorney assured the client that no tax consequences would result from a proposed settlement. *Id.* An accountant later advised the client to report certain monthly payments from her divorce as income, and the client then sued her attorney. *Id.* However, at the time of the suit, the Internal Revenue Service had never assessed taxes on the money the client had reported, nor had it made a determination that the money in question was income. *Id.* The trial court determined that the malpractice suit was premature and abated the proceedings. *Id.* at 751. The appellate court affirmed, noting that an assessment of liability was necessary "to consummate the harm." *Id.* (citing *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967)).

The reasoning of the *In re Texas Collegiate Baseball League, Ltd.* and *Philips v. Giles* cases apply directly to this case. The trial court at a minimum had to abate this lawsuit until the outcome of the underlying personal injury claims is known. Its failure to do so was an abuse of discretion.

23

**III.    Relators Have No Adequate Remedy on Appeal**

Relators have no adequate remedy by appeal for the trial court's denial of Relators' pleas to the jurisdiction and pleas in abatement.  *See*, *e.g.*, *In re Texas Collegiate Baseball League, Ltd.*, 367 S.W.3d 462 (Tex. App. – Fort Worth 2012, orig. proceeding) (conditionally granting writ of mandamus directing trial court to vacate order denying motion to abate, and directing trial court to abate legal malpractice and related fee claims until underlying litigations and resulting appeals are concluded.)

To determine whether Relators have an adequate remedy on appeal, this Court must balance the benefits and detriments of mandamus relief.  In conducting that balancing, the court considers whether mandamus relief would serve the following goals:

> [P]reserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).  Those considerations support mandamus relief in this instance.

Important substantive and procedural rights will be lost if the trial court's denial of Relators' plea to the jurisdiction or plea in the abatement are not vacated.  Relators have a right to know the outcome of the Real Parties' in Interest's

underlying personal injury claims before Relators are forced to defend claims that they committed malpractice in connection with the pursuit of those underlying claims. Relators also have a right to know whether the Real Parties in Interest have suffered any injury, and, if so, what that injury is. Those rights will be lost, and Relators will be unfairly prejudiced, if Relators have to defend this legal malpractice action before the outcome of the underlying claims is known.

If the Real Parties in Interest are successful in pursuing their underlying claims in a Mexico court, or if they reinstate them in Texas federal court, then Relators would be able to point to those outcomes as a defense to the legal malpractice claims. The Mexico and Texas federal courts are the proper courts to make that determination, but neither has done so.

If this case proceeds before the Real Parties in Interest pursue their personal injury claims to a final resolution, Relators will be deprived of their ability to present the actual outcome of those claims as a defense to this legal malpractice action. *See In re Van Waters & Rogers*, 145 S.W.3d 203, (Tex. 2004) (orig. proceeding) (stating that parties are in danger of losing substantive rights when, among other things, their ability to present a viable claim or defense is vitiated.) Instead, Relators will have to defend against hypothetical speculation about what would happen in the future if Real Parties in Interest continued to pursue their personal injury claims to final judgment. That prejudice could not be remedied on appeal.

25

Substantive rights of the Real Parties in Interest also will be lost or impaired if mandamus relief is not granted. The Real Parties in Interest have the right to pursue their personal injury claims against the Personal Injury Defendants. Judge Crone recently determined that courts in Mexico should accept jurisdiction over those claims if the courts are made aware of the stipulations made by the Personal Injury Defendants. The Real Parties in Interest also have the right to reinstate those claims in U.S. federal court if the Mexico court does not accept jurisdiction. The orders entered by Judge Ward, and more recently by Judge Crone, grant and recognize those rights.

If this case proceeds, however, those rights will be lost or impaired. The Real Parties in Interest hope to develop evidence and prove at trial that they can no longer pursue their personal injury claims in a Mexico court or U.S. federal court. If it is then decided on appeal that this action is premature, and that any injury suffered by the Real Parties in Interest as a result of Relators' alleged legal malpractice cannot be determined until the outcome of the underlying personal injury claims is known, the ability of the Real Parties in Interest to pursue their underlying claims at that time may be impaired by their own actions in pursuing this case. In addition to the substantial passage of time to litigate this case, the Real Parties in Interest will have to take the position throughout this case that they cannot pursue their personal injury claims in any court, and they will submit evidence and argument to support that position. Proffering such evidence and

taking such positions in this proceeding may ultimately impair their ability to change course and pursue those personal injury claims months or years from now after this case has been fully litigated and appealed. The loss or impairment of those rights cannot be remedied through a post-trial appeal.

The Real Parties in Interest need to be advised now that Texas law requires the underlying personal injury claims to reach a final outcome before the parties can know if the Real Parties in Interest have viable legal malpractice claims against Relators. Substantive rights of both the Relators and the Real Parties in Interest will be lost or impaired if mandamus relief is not granted.

Granting mandamus relief also will avoid an enormous waste of public and private time and money on a case that is premature. If this premature lawsuit goes forward before the fact or amount of injury to the Real Parties in Interest is known, the Real Parties in Interest will have to travel from Mexico to Houston to give their depositions in this case, and perhaps again to attend trial. That will be burdensome and logistically difficult, if not impossible, in light of the strict immigration laws. The parties and the court system would have to litigate hypothetical questions about what various courts would do in the future if the personal injury claims were pursued in those courts, and how, if at all, the Real Parties in Interest have been injured by the Relators' alleged malpractice in losing a *forum non conveniens* motion. Any damage model would be irreparably speculative and unfounded.

27

Mandamus is appropriate to save the parties and the court system from an enormous waste of time and money.

The benefits of mandamus review significantly outweigh the detriments, and addressing these issues through a post-trial appeal would not afford Relators or the Real Parties in Interest an adequate remedy.

## **PRAYER**

Plaintiffs to a lawsuit who lose a forum or venue argument cannot drop their claims and sue their lawyers for malpractice. The Real Parties in Interest have not lost any rights or suffered any injury at this point, and their legal malpractice action is premature.

Relators respectfully request that this Court grant this Petition for Writ of Mandamus and order Respondent to vacate its orders of September 17, 2015 and November 9, 2015 denying Relators' pleas to the jurisdiction and pleas in abatement. Relators request such other and further relief to which it may be justly entitled.

Respectfully Submitted,

/s/ Jeremy L. Doyle
Jeremy L. Doyle (SBN: 24012553)
James Schuelke (SBN: 24075037)
REYNOLDS FRIZZELL LLP
1100 Louisiana, Suite 3500
Houston, Texas 77002
PH: (713) 485-7200
Fax: (713) 485-7250
jdoyle@reynoldsfrizzell.com
jschuelke@reynoldsfrizzell.com

Sam Houston
Scott, Clawater & Houston L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019-2133
PH: (713) 650-6600
Fax: (713) 650-1720
shouston@sschlaw.com

John Scott Black
Daly & Black, P.C.
2211 Norfolk, Suite 800
Houston, Texas 77008
PH: (713) 655-1405
Fax: (713) 655-1587
jblack@dalyblack.com


*Counsel for Relators Arnold & Itkin,*
*L.L.P., Kurt Arnold, Cory Itkin, and*
*Jason Itkin*

/s/ Reagan W. Simpson
Reagan W. Simpson
Yetter Coleman LLP
909 Fannin, Suite 3600
Houston, Texas 77010
Tel. (713) 632-8000
Fax (713) 632-8002

*Counsel for Relators*
*Beck Redden L.L.P., Russell Post,*
*Fields Alexander, and Jas Brar*

/s/ Billy Shepherd
Billy Shepherd
Allison Standish Miller
Shepherd Prewett Miller PLLC
770 South Post Oak Lane, Suite 420
Houston, Texas 77056
PH: (713) 995-4440
Fax: (713) 766-6542
bshepherd@spmlegal.com
amiller@spmlegal.com


*Counsel for Relators Albritton Law*
*Firm & Eric Albritton*

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 6738 words, excluding the words not included in the word count pursuant to Texas Rule of Appellate Procedure 9.4(k)(1). This is a computer generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ *Jeremy L. Doyle*
Jeremy L. Doyle

## VERIFICATION AND CERTIFICATION

STATE OF TEXAS         §
                                §

COUNTY OF HARRIS     §

BEFORE ME, the undersigned authority, on this day appeared the affiant named herein, who is personally known to me, and who after being duly sworn upon his oath, stated as follows:

1.     My name is Jeremy L. Doyle. I am over twenty-one years of age, of sound mind, and in all ways competent to make this verification. I am a partner with the law firm of Reynolds Frizzell, LLP and am one of the attorneys representing Relators Arnold & Itkin, LLP, Kurt Arnold, Jason Itkin, and Cory Itkin in connection with the lawsuit styled *Dominguez et al v. Arnold & Itkin, LLP, et al*, Cause No. 2015-28543, in the 11th Judicial District Court, Harris County, Texas. I have personal knowledge of the facts stated in this verification and those facts are true and correct.

2.     I have reviewed the foregoing Petition for Writ of Mandamus. In my personal knowledge, the Petition truly and correctly recites the factual allegations set forth in the pleadings and the record. In addition, I have concluded that every factual statement in the petition is supported by competent evidence in the appendix or record.

3.     The documents in the Appendix and Record are true and correct copies of documents that are material to Relators' claim for relief and filed in the underlying pleadings.

Jeremy L. Doyle

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority on this the 24th day of November 2015.

DEE BUCHANAN FOLEY
My Commission Expires
February 28, 2016

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

31

# CERTIFICATE OF SERVICE

On this 24th day of November 2015, the above document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure:

Lance Christopher Kassab
David Eric Kassab
THE KASSAB LAW FIRM
1420 Alabama
Houston, TX 770004
Fax: (713) 522-7410
lck@texaslegalmalpractice.com
dek@texaslegalmalpractice.com

Brett Wagner
Larry Joe Doherty
Ryan W. Smith
DOHERTY * WAGNER
13810 Champion Forest Drive
Suite 225
Houston, TX 77069
Fax: (281) 583-8701
brett@dwlawyers.com
larry@dwlawyers.com
ryan@dwlawyers.com

Billy Shepherd
Allison Standish Miller
SHEPHERD SCOTT CLAWATER
& HOUSTON, L.L.P.
770 South Post Oak Lane, Suite 420
Houston, TX 77056
Fax: (713) 766-6542
bshepherd@spmlegal.com
amiller@spmlegal.com

Reagan W. Simpson
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, TX 77010
Fax: (713) 632-8002
rsimpson@yettercoleman.com

Sam Houston
SCOTT, CLAWATER & HOUSTON
L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019-2133
Fax: (713) 650-1720
shouston@sschlaw.com

John Scott Black (SBN: 24012292)
DALY & BLACK, P.C.
2211 Norfolk, Suite 800
Houston, Texas 77008
Fax: (713) 655-1587
jblack@dalyblack.com

The Honorable Mike D. Miller Harris
County Civil Courthouse
11th Civil Court
201 Caroline, 9th Floor
Houston, Texas 77002

/s/ *Jeremy L. Doyle*
Jeremy L. Doyle

32

No. ___ - _________- CV

---

IN THE COURT OF APPEALS
FOR THE FIRST OR FOURTEENTH DISTRICT
OF TEXAS AT HOUSTON

---

***In re Arnold & Itkin, L.L.P., Beck Redden, L.L.P., Albritton Law Firm, Kurt Arnold, Cory Itkin, Jason Itkin, Russell Post, Fields Alexander, Jas Brar and Eric Albritton***
*Relators*

---

Original Proceeding from the 11th Judicial District Court
Harris County, Texas
The Honorable Mike D. Miller, Presiding
Trial Court No. 2015-28543

---

# APPENDIX

# INDEX

**Document**                                                                          **Tab**

Order Denying Defendants' Plea to the Jurisdiction and Plea in Abatement
APP001-APP003 ....................................................................................................... 1

Amended Order Denying Defendants' Pleas in Abatement and Pleas to the
Jurisdiction and Granting Permission to File Interlocutory Appeal From Order
APP004-APP006 ....................................................................................................... 2

# TAB 1

8/12/2015 3:54:48 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6469324
By: TOLMAN, TAMMY E
Filed: 8/12/2015 3:54:48 PM

CAUSE NO. 2015-28543

Pgs-2

PABAY
PJURY

| | | |
|---|---|---|
| MARIA SANTOS LOPEZ DOMINGUEZ, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF KAREN MARIEN ANDRADE LOPEZ, | § | |
| MAIRET SAMELI ANDRADE LOPEZ | § | |
| AND IMAR GERARDO ANDRADE LOPEZ | § | |
| ON BEHALF THE ESTATE OF OMAR | § | |
| GERARDO ANDRADE LOPEZ, ET AL | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ARNOLD & ITKIN, L.L.P., | § | |
| BECK REDDEN, L.L.P., | § | |
| ALBRITTON LAW FIRM, | § | |
| KURT ARNOLD, CORY ITKIN, | § | |
| JASON ITKIN, RUSSELL POST, | § | |
| FIELDS ALEXANDER, JAS BRAR and | § | |
| ERIC ALBRITTON | § | 11TH JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS' PLEA TO THE JURISDICTION AND PLEA IN ABATEMENT

**On this day** came on to be considered the Plea to the Jurisdiction, and, in the Alternative, Plea in Abatement of Defendants, **ARNOLD & ITKIN, L.L.P., BECK REDDEN, L.L.P., ALBRITTON LAW FIRM, KURT ARNOLD, CORY ITKIN, JASON ITKIN, RUSSELL POST, FIELDS ALEXANDER, JAS BRAR AND ERIC ALBRITTON**, and Plaintiff's Response to All Defendants' Plea to the Jurisdiction, and, In the Alternative, Plea in Abatement, and the Court, after considering same and hearing argument of counsel is of the opinion that said motion and pleas should be denied, and it is, therefore

**Ordered** that all Pleas to the Jurisdiction and all Pleas in Abatement of Defendants, **ARNOLD & ITKIN, L.L.P., BECK REDDEN, L.L.P., ALBRITTON LAW FIRM, KURT ARNOLD, CORY ITKIN, JASON ITKIN, RUSSELL POST, FIELDS ALEXANDER, JAS BRAR AND ERIC ALBRITTON**, are hereby denied in their entirety.

Certified Document Number: 67089261 - Page 1 of 2

**APP001**

**Signed** this _____ day of _____, 2015.

<div style="text-align: center;">

Signed:
9/17/2015 _~signature~_
_____
Judge Mike Miller

</div>

Certified Document Number: 67089261 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 23, 2015

Certified Document Number:        67089261 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**APP003**

# TAB 2

| | |
|---|---|
| MARIA SANTOS LOPEZ DOMINGUEZ, § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIEND § | |
| OF KAREN MARIEN ANDRADE LOPEZ, § | |
| MAIRET SAMELI ANDRADE LOPEZ § | |
| AND IMAR GERARDO ANDRADE LOPEZ § | |
| ON BEHALF OF THE ESTATE OF OMAR § | |
| GERARDO ANDRADE LOPEZ, et al. § | |
| § | HARRIS COUNTY, TEXAS |
| v. § | |
| § | |
| ARNOLD & ITKIN, L.L.P., § | |
| BECK REDDEN, L.L.P., § | |
| ALBRITTON LAW FIRM, § | |
| KURT ARNOLD, CORY ITKIN, § | |
| JASON ITKIN, RUSSELL POST, § | |
| FIELDS ALEXANDER, JAS BRAR and § | |
| ERIC ALBRITTON § | 11TH JUDICIAL DISTRICT |

**FILED**
Chris Daniel
District Clerk

NOV - 9 2015

Time:_____
Harris County, Texas

By_____
Deputy

### AMENDED ORDER DENYING DEFENDANTS' PLEAS IN ABATEMENT AND PLEAS TO THE JURISDICTION AND GRANTING PERMISSION TO FILE INTERLOCUTORY APPEAL FROM ORDER

On August 17, 2015, the Court conducted a hearing on the Pleas in Abatement and Pleas to the Jurisdiction of Defendants, Arnold & Itkin, L.L.P., Beck Redden, L.L.P., Albritton Law Firm, Kurt Arnold, Cory Itkin, Jason Itkin, Russell Post, Fields Alexander, Jas Brar And Eric Albritton, and Plaintiffs Response thereto. On September 17, 2015, the Court signed an order that the Pleas in Abatement and to the Jurisdiction of Defendants were denied in their entirety.

On October 16, 2015, the Court heard the motion for permission to file interlocutory appeal from the Court's September 17, 2015 order, which motion was filed on October 2, 2015, by Arnold & Itkin, Kurt Arnold, Cory Itkin, and Jason Itkin. The Court further considered the joinder in that motion by all other defendants, as well as the Plaintiffs' opposition to the motion for permission to file an interlocutory appeal. The Court decided to grant the motion for permission as to all Defendants to file an interlocutory appeal from the Court's denial of Defendants' Pleas in Abatement and Pleas to the Jurisdiction. After conducting an additional

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

hearing on November 9, 2015 about the form of the order granting defendants' motion, the Court now ORDERS as follows:

The Pleas in Abatement and Pleas to the Jurisdiction of Defendants, Arnold & Itkin, L.L.P., Beck Redden, L.L.P., Albritton Law Firm, Kurt Arnold, Cory Itkin, Jason Itkin, Russell Post, Fields Alexander, Jas Brar, and Eric Albritton, are hereby denied because the Court has decided that the claims for malpractice in this case are ripe for adjudication.

Defendants are hereby permitted to file a petition for an interlocutory appeal from the Court's September 17, 2015 order, which is incorporated into this amended order, denying the Defendants' Pleas in Abatement and Pleas to the Jurisdiction.

As required by section 51.014(d) of the Texas Civil Practice & Remedies Code and Texas Rule of Civil Procedure 168, the Court identifies the following issue of law as the subject of the permitted interlocutory appeal: Whether this case, as pleaded by plaintiffs, is ripe for adjudication (hereinafter referred to as "The Issue"). As to the Issue, there is a substantial ground for difference of opinion. The Court is uncertain about the meaning of a controlling issue of law for purposes of section 51.0149(d), but believes that The Issue may be controlling. Further, under section 51.014(d) of the Texas Civil Practice & Remedies Code and Texas Rule of Civil Procedure 168, the Court states that an immediate appeal of The Issue may materially advance the ultimate termination of the litigation.

SIGNED _____ NOV - 9 2015 _____, 2015.

_____
JUDGE PRESIDING

2

Certified Document Number: 67826720 - Page 2 of 2

APP005



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 23, 2015

Certified Document Number:        67826720 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

APP006