

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00048-CV

IN RE TEXAS COLLEGIATE                                          RELATORS
BASEBALL LEAGUE, LTD. AND
GERALD W. HADDOCK

----------

## ORIGINAL PROCEEDING

----------

## OPINION

----------

## I. Introduction

Relators Texas Collegiate Baseball League, Ltd. (TCBL) and Gerald W. Haddock seek mandamus relief from the trial court's January 11, 2012 order denying their amended motion to abate portions of this case between Relators and Real Parties In Interest Jeffrey J. Wolf and The Wolf Law Firm, P.C. (collectively, Wolf). We conditionally grant TCBL and Haddock's petition for writ of mandamus.

## II. Background[1]

Four separate lawsuits are tangentially involved in this mandamus proceeding, and all four remain pending. Wolf, an attorney, represented Haddock in two of the lawsuits (collectively, the Crescent litigation).[2] Wolf also represented TCBL in the third lawsuit (the Baseball litigation). Although the parties agree that the Crescent and Baseball litigations remain pending, the parties have not provided any additional information about the status of those cases.

This, the fourth, lawsuit began when TCBL filed suit against Wolf to enforce an alleged settlement agreement. According to TCBL and Haddock, the parties entered into a settlement agreement in May 2010 to resolve disputes concerning legal fees Wolf claimed he was owed by TCBL and Haddock relating to Wolf's representation of them in the Crescent and Baseball litigations. Wolf disputes that the parties entered into an enforceable agreement, and he responded to TCBL's original petition by filing a counterclaim against TCBL and a third-party petition against Haddock for recovery of his attorney's fees (collectively, the fee claim). TCBL and Haddock responded to the counterclaim

---

[1]Other than judicial orders and opinions, many of the documents in this case are sealed. *See* Tex. R. Civ. P. 76a. Our recitation of the relevant background is therefore limited to a general description of the factual and procedural posture of this case.

[2]The two lawsuits involved in the Crescent litigation have been consolidated in the 67th District Court of Tarrant County, Texas.

2

by asking that the trial court abate the lawsuit so that TCBL could investigate possible malpractice claims against Wolf. The trial court denied the motion, and TCBL and Haddock later amended their pleadings to allege malpractice against Wolf relating to his representation of them in the Crescent and Baseball litigations (collectively, the malpractice claims).

In June 2011, TCBL and Haddock filed a motion for summary judgment to enforce the purported settlement agreement, but the trial court, Respondent Judge Wade Birdwell, denied the motion. In July 2011, TCBL and Haddock filed another motion to abate the fee claim and malpractice claims pending final resolution of the Crescent and Baseball litigations. The trial court held an evidentiary hearing and denied the motion by written order dated January 11, 2012. TCBL and Haddock then sought mandamus relief in this court.

### III. Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not

3

substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 839–40. In other words, we give deference to a trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). A trial court abuses its discretion if it fails to analyze the law correctly or misapplies the law to established facts. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975). Also, a trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *In re United Scaffolding, Inc.*, 301 S.W.3d 661, 663 (Tex. 2010).

## IV. Abuse of Discretion

TCBL and Haddock contend in their sole issue that the trial court abused its discretion by denying their motion to abate the fee claim and malpractice claims until the Crescent and Baseball litigations and any related appeals are concluded. Wolf responds that the trial court properly exercised its discretion by denying abatement because severance or separate trials would instead be appropriate.

4

## A. The Parties' Contentions

To support their abatement argument, TCBL and Haddock rely in part on the rule that the statute of limitations for legal malpractice claims involving prior or ongoing litigation "is tolled until all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded." *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 119 (Tex. 2001). TCBL and Haddock acknowledge that the statute of limitations is not at issue in this mandamus proceeding, but they argue that the policy considerations justifying the tolling rule apply equally in this case and require abatement. Those policy considerations are two-fold. First, tolling the statute of limitations avoids "forc[ing] a client into the untenable position of having to adopt inherently inconsistent litigation postures in the underlying case and the malpractice case." *Id.* at 121 (discussing *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156–57 (Tex. 1991)). Second, "the viability of [the malpractice] action depends on the outcome of the underlying litigation." *Id.* TCBL and Haddock argue that abatement of the fee claim and malpractice claims is required because they will otherwise be forced to take inherently inconsistent litigation postures by defending Wolf's alleged malpractice in the Crescent and Baseball litigations in an effort to prevail in those cases while at the same time affirmatively asserting malpractice claims and defenses against Wolf in this case. TCBL and Haddock also assert that, if the malpractice and fee claims are not abated, they will be required to engage in discovery and pursue

5

claims that have not yet accrued and for which their alleged damages are not yet known.

Wolf does not dispute that the malpractice claims are premature or that the trial court could have chosen to abate the malpractice claims. Wolf does, however, dispute the propriety of abating the fee claim and contends that severance or separate trials of the fee claim and malpractice claims would resolve the potential problems raised by TCBL and Haddock.[3]

Neither TCBL and Haddock nor Wolf cite any controlling precedent to support their competing contentions. For example, the statute of limitations cases discussed above do not directly apply because the statute of limitations is not at issue in this case. Furthermore, TCBL and Haddock cite three cases for the proposition that abatement is the established remedy when a lawsuit is filed prematurely. *See In re Foremost Cnty. Mut. Ins. Co.*, 172 S.W.3d 128, 135 (Tex. App.—Beaumont 2005, orig. proceeding); *Philips v. Giles*, 620 S.W.2d 750, 751 (Tex. Civ. App.—Dallas 1981, orig. proceeding); *Marine Prod. Co. v. Shell Oil Co.*, 146 S.W.2d 1024, 1025 (Tex. Civ. App.—Austin 1941, no writ). While those

---

[3]The parties also dispute whether the malpractice claims are compulsory counterclaims in this case, but we do not decide that issue because, as explained below, Wolf's alleged malpractice will be an issue during the trial of both the fee claim and the malpractice claims since attorney malpractice is both an affirmative claim and a defense to a suit for recovery of attorney's fees. *See* Tex. R. App. P. 47.1; *see also Barcelo v. Elliott*, 923 S.W.2d 575, 579 (Tex. 1996); *Judwin Props., Inc. v. Griggs & Harrison, P.C.*, 911 S.W.2d 498, 507 (Tex. App.—Houston [1st Dist.] 1995, no writ.).

6

cases address the necessity of abating the malpractice claims, they do not address whether the fee claim must also be abated.[4]

Wolf's supporting authority is similarly inapplicable. *See Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985); *Richter v. Mery*, No. 04-10-00098-CV, 2010 WL 3782186, at *1 (Tex. App.—San Antonio Sept. 29, 2010, pet. denied) (mem. op.). Wolf cites *Van Dyke* for the proposition that a malpractice claim is not barred by res judicata when the trial court orders separate trials of a fee claim and a malpractice claim that were originally asserted as counterclaims. *See* 697 S.W.2d at 384. But whether res judicata would or would not bar a subsequent malpractice suit by TCBL and Haddock does not help resolve whether TCBL and Haddock will potentially be prejudiced by having to defend the fee claim while the Crescent and Baseball litigations remain pending and while their malpractice defenses to the fee claim are not mature. Wolf cites *Richter* because the appellate opinion reflects that the *trial court* in the case stated that "it would be 'cleaner' if a motion to sever were filed" to separate Mery's claim for attorney's fees from the underlying lawsuit, but there

---

[4]TCBL and Haddock also cite a 1980 opinion from a New York trial court that reaches the result that TCBL seeks in this case, but the case is distinguishable because it involved a contingent-fee claim rather than an hourly-fee claim by the attorney. *See Pudalov v. Brogan*, 427 N.Y.S.2d 345, 349 (N.Y. Sup. Ct. 1980). As an aged trial court case from another jurisdiction that was not reviewed by an appellate court, the case also has little persuasive value.

is no analysis or further discussion in the opinion concerning the propriety of severance, separate trials, or abatement. *See* 2010 WL 3782186, at *1–3.[5]

## B. Severance or Separate Trials vs. Abatement

The parties do not dispute that the malpractice claims are not yet mature and should be abated pending the outcome of the Crescent and Baseball litigations. We must therefore decide whether the fee claims may proceed or whether they must be abated along with the malpractice claims. In that regard, the necessity of abatement is illustrated by explaining why severance or separate trials is not appropriate and by applying the policy considerations that support the statute of limitations tolling rule discussed above.

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. However, a claim is properly severable only if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and

---

[5]Wolf also cites cases from other jurisdictions, but they are similarly distinguishable. Abatement of the attorney fee claim was not at issue in the appeal decided by the Nevada Supreme Court, and although the other cases address the abatement or dismissal of prematurely filed legal malpractice claims, neither case involved a competing claim for attorney's fees or addressed whether such a claim must also be abated. *See Semenza v. Nev. Med. Liability Ins. Co.*, 765 P.2d 184, 186 (Nev. 1988); *Burgess v. Lippman*, 929 So.2d 1097, 1098–99 (Fla. Ct. App. 2006); *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 270, 275–76 (Ky. Ct. App. 2005).

issues. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). "[A]voiding prejudice, doing justice, and increasing convenience are the controlling reasons to allow a severance." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (citing *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658). Rule of civil procedure 174(b) governs the granting of separate trials, and its purpose is similarly "to further convenience, to avoid prejudice, and to promote the ends of justice." *In re Ethyl Corp.*, 975 S.W.2d 606, 609–10 (Tex. 1998) (orig. proceeding); *see* Tex. R. Civ. P. 174(b).

Wolf's alleged malpractice, whether it be negligence or breach of fiduciary duty, will be central to both TCBL's and Haddock's affirmative malpractice claims and their defenses to Wolf's fee claim. *See Barcelo*, 923 S.W.2d at 579 ("[A] legal malpractice action sounds in tort and is governed by negligence principles."); *NationsBank of Tex., N.A. v. Akin, Gump, Hauer & Feld, L.L.P.*, 979 S.W.2d 385, 397–98 (Tex. App.—Corpus Christi 1998, pet. denied) (holding that because malpractice claim must be remanded, law firm's claim for recovery of fees must also be remanded because law firm's entitlement to fees was "wholly dependent" on the outcome of malpractice claims); *see also Burrow v. Arce*, 997 S.W.2d 229, 240 (Tex. 1999) (holding client need not prove actual damage before obtaining forfeiture of attorney's fees for breach of attorney's fiduciary duty to client); *Judwin Props., Inc.*, 911 S.W.2d at 507 ("Recovery of fees paid to an attorney may be appropriate when [the attorney's] negligence rendered the services of no value."); *Morales v. Cline*, 202 S.W. 754, 757 (Tex. Civ. App.—

9

San Antonio 1918, writ dism'd w.o.j.) (noting that attorney's negligence may preclude recovery of compensation for attorney's services). Severance or separate trials are therefore not appropriate because the fee claim and the malpractice claims involve the same facts and issues.

Additionally, severance or separate trials would not avoid prejudice, do justice, or increase convenience. The parties agree that the malpractice claims are not mature. If Wolf is allowed to proceed on the fee claim, TCBL and Haddock would be forced to trial on the fee claim with unripe defenses. Assuming the malpractice claims eventually mature, the parties would then have another trial concerning Wolf's alleged malpractice. Thus, severing or ordering separate trials of the fee claim and the malpractice claims would require the parties to have essentially the same trial twice, except that TCBL and Haddock would have to defend the fee claim at the first trial with unripe defenses. *See In re State*, 355 S.W.3d 611, 614 (Tex. 2011) (orig. proceeding) (holding severance order improper because it would require eight separate trials with duplicative evidence that could be presented in one trial). Severance or separate trials might actually increase the possibility of prejudice and cause a burden to the court system and the parties.

Also instructive in considering the ineffectiveness of severance or separate trials are the policy considerations that support the tolling of the statute of limitations for legal malpractice claims. Requiring TCBL and Haddock to respond to discovery and present evidence at trial concerning Wolf's alleged malpractice

while the Crescent and Baseball litigations remain pending will likely require TCBL and Haddock to simultaneously take inconsistent litigation positions. For example, TCBL and Haddock must necessarily defend Wolf's actions in the Crescent and Baseball litigations while those cases remain pending in an effort to prevail in those cases. But if Wolf's fee claim is not abated until those litigations are concluded, TCBL and Haddock must simultaneously respond to discovery and prepare for trial on issues for which they will necessarily contend that Wolf acted improperly while serving as their counsel. *See generally Apex Towing Co.*, 41 S.W.3d at 121 (recognizing possibility that client may be forced "to adopt inherently inconsistent litigation postures in the underlying case and the malpractice case"). Also, the malpractice allegations and damage theories will remain fluid until the Crescent and Baseball litigations conclude. *See generally id.* (noting that viability of malpractice action "depends on the outcome of the underlying litigation"). Wolf argues that the trial court's confidentiality order would adequately protect TCBL and Haddock from inconsistent litigation positions because the other parties to the Crescent and Baseball litigations would not be privy to TCBL's and Haddock's litigation positions in this case, but the confidentiality order will not protect TCBL and Haddock from having to provide Wolf with evolving or even inconsistent information through discovery as the Crescent and Baseball litigations proceed toward conclusion.

It makes little sense for the parties to conduct discovery and prepare for trial concerning the fee claim and the malpractice claims in this litigation while the

11

Crescent and Baseball litigations remain pending. Indeed, TCBL's and Haddock's malpractice claims may have no merit upon final resolution of the Crescent and Baseball litigations, leading to a much simpler resolution of the fee claim. Although Wolf might be prejudiced by having to wait until the resolution of the Crescent and Baseball litigations to try to recover his fees (and more so if TCBL's and Haddock's malpractice claims later have no merit), the risk of prejudice to Wolf is far less than the risk of prejudice and burden to the parties and the judicial system if TCBL and Haddock are required to try the fee claim before their defenses mature. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (holding that whatever advantage might be gained by improper consolidation was "overwhelmed by the greater danger an unfair trial would pose to the integrity of the judicial process").

The trial court's order denying TCBL and Haddock's amended motion to abate does not specify the basis of its decision to deny the motion. However, considering the sealed appellate record, the parties' arguments, and the options arguably available to the trial court short of abating the fee claim and malpractice claims pending the outcome of the Crescent and Baseball litigations, the trial court had no viable option other than to grant the motion. We therefore hold that the trial court abused its discretion by denying TCBL and Haddock's motion to abate the portions of this case relating to the fee claim and malpractice claims pending the outcome of the Crescent and Baseball litigations. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) ("To satisfy the clear

12

abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'") (quoting *Walker*, 827 S.W.2d at 840).

## V. Adequate Appellate Remedy

Having determined that the trial court abused its discretion, we must also determine whether TCBL and Haddock have an adequate remedy by appeal that would preclude mandamus relief.

Absent extraordinary circumstances, mandamus will not issue unless TCBL and Haddock lack an adequate remedy by appeal. *Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11 (citing *Walker*, 827 S.W.2d at 839). This requirement "has no comprehensive definition." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). When the benefits outweigh the detriments, we must conduct further analysis. *Id.* An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would

13

not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11; *Walker*, 827 S.W.2d at 843–44. An appellate court should also consider whether mandamus will allow the court "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136).

Continuing with the fee claim while the Crescent and Baseball litigations remain pending will likely require TCBL and Haddock to simultaneously prosecute and defend suits with inconsistent and evolving legal theories. *See generally Apex Towing Co.*, 41 S.W.3d at 121. Moreover, TCBL and Haddock will assert malpractice against Wolf both as a defense to the fee claim and as an affirmative cause of action. Thus, the parties will essentially have the same trial twice if the fee claim is not abated, except that TCBL and Haddock will defend the fee claim at the first trial with unripe defenses. *See State*, 355 S.W.3d at 614–15 (holding appellate remedy inadequate due to "enormous waste of judicial and public resources that compliance with the trial court's [severance] order would entail"); *Waters & Rogers, Inc.*, 145 S.W.3d at 210–11 (stating that parties are in danger of losing substantial rights when, among other things, their ability to

14

present a viable claim or defense is vitiated).  Because TCBL and Haddock will likely be prejudiced by having to defend the fee claim before their malpractice claims mature, because TCBL's and Haddock's malpractice claims will not mature until the Crescent and Baseball litigations are finally concluded, and because a trial on the fee claim alone would be an unreasonable waste of resources for both the judicial system and the parties, we hold that TCBL and Haddock do not have an adequate remedy by appeal.  We therefore sustain their sole issue.

## VI.  Conclusion

Having sustained TCBL and Haddock's sole issue, we conditionally grant a writ of mandamus directing the trial court to vacate its order denying TCBL and Haddock's amended motion to abate and directing the trial court to grant TCBL and Haddock's amended motion to abate so that the fee claim and malpractice claims (as defined in this opinion) are abated until the Crescent and Baseball litigations and any resulting appeals are finally concluded.  We are confident that the trial court will comply within the next thirty days.  A writ will issue only if the trial court fails to do so.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  April 5, 2012

15