**Opinion issued August 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00989-CV

————————————

**ARNOLD & ITKIN, L.L.P., BECK REDDEN LLP, ALBRITTON LAW FIRM, KURT ARNOLD, CORY ITKIN, JASON ITKIN, RUSSELL POST, FIELDS ALEXANDER, JAS BRAR, AND ERIC ALBRITTON, Appellants**

**V.**

**MARIA SANTOS LOPEZ DOMINGUEZ, INDIVIDUALLY AND AS NEXT FRIEND OF KAREN MARIEN ANDRADE LOPEZ, ET AL., Appellees**

**Proceeding on Petition for Permissive Appeal**

*and*

————————————

## NO. 01-15-00990-CV

————————————

**IN RE ARNOLD & ITKIN, L.L.P., BECK REDDEN LLP, ALBRITTON LAW FIRM, KURT ARNOLD, CORY ITKIN, JASON ITKIN, RUSSELL POST, FIELDS ALEXANDER, JAS BRAR, AND ERIC ALBRITTON, Relators**

**Petition for Writ of Mandamus**

**OPINION**

In this appeal, we determine whether a claim for legal malpractice is ripe for adjudication. In the underlying state court action, the clients have sued their former lawyers for the lawyers' alleged negligence in handling their federal court personal injury cases. The federal court dismissed the clients' personal injury cases, ruling that Mexico was the proper forum for those suits. But the federal court conditioned its dismissal on a return jurisdiction clause, should the Mexican courts refuse to exercise jurisdiction over the personal injury claims when properly presented. By a petition for a writ of mandamus and a request for a permissive interlocutory appeal, the defendant lawyers challenge the trial court's denial of their plea to the jurisdiction, in which they contended that the clients have not presented a legal injury ripe for adjudication. We hold that the clients' legal malpractice claims are not ripe for adjudication. We therefore grant mandamus relief. We dismiss the request for a permissive interlocutory appeal as moot.

**BACKGROUND**

In the federal court personal injury case, the clients, who are citizens of Mexico, sued several American companies and individuals for injuries and deaths that occurred in an accident on a drilling rig in Mexican waters. The clients alleged various causes of action, including products liability and wrongful death, based on

Texas state law, general federal and international maritime law, the Jones Act, and Mexican law.

**A. Proceedings in Federal Court and in the Mexican Courts**

In the federal personal injury suit, the clients were represented by lawyers with the firm Arnold & Itkin, L.L.P. and the Albritton Law Firm, who are relators in this mandamus proceeding. The personal injury defendants in the federal suit moved to dismiss the federal action on the basis of *forum non conveniens*. They argued that Mexico is the proper forum for the clients' personal injury claims because the clients are Mexican citizens who resided in Mexico and the accident occurred offshore of Mexico. Lawyers with relator Beck Redden L.L.P. were retained to assist the clients in federal court in opposing the motion to dismiss. In September 2010, the federal district court consolidated the personal injury lawsuits for the purpose of briefing and deciding the *forum non conveniens* issue and other issues common to each case.

The federal court then dismissed the clients' state law claims with prejudice, ruling that any state law claims were preempted by the Jones Act. The federal court also dismissed the clients' federal maritime claims, but without prejudice, because "[p]laintiffs failed to allege that there was no available remedy in Mexico, as required to pursue a federal maritime claim under the Jones Act."[1]

---

[1] The Jones Act provides that plaintiffs cannot maintain a civil action for death or other injury under the Jones Act or under any other maritime law of the United States if: (1) the individual suffering the injury or death was not a citizen or permanent resident alien of the

3

The clients then amended their complaint and abandoned their federal maritime claims, but they continued to allege state law claims and claims under Mexican law. The federal court again dismissed the state law claims because they were preempted by the Jones Act.

In April 2011, the federal court then conditionally granted the personal injury defendants' motion to dismiss for *forum non conveniens*.[2] As a condition to granting the dismissal, the court required the personal injury defendants to stipulate that they would "appear and submit themselves to the jurisdiction of a Mexican federal or state court, waiving any jurisdictional defenses they might normally possess" and would "waive any statute of limitations defense that they did not possess as of the date each of the seven cases was originally filed." The personal injury defendants complied by filing a stipulation in federal court in which they stipulated that they would agree to submit to jurisdiction in Mexico, waive any statute of limitations and

---

United States at the time of the incident giving rise to the action; (2) the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States; and (3) the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources. 46 U.S.C.A. § 30105(b). However, this prohibition does not apply if "the individual bringing the action establishes that a remedy is not available under the laws of (1) the country asserting jurisdiction over the area in which the incident occurred or (2) the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident." 46 U.S.C.A. § 30105(c).

[2] The Honorable Ron Clark granted the motion on May 29, 2009. He subsequently recused himself. After the recusal, Judge Clark's order was vacated and the consolidated case was assigned to the Honorable T. John Ward. Judge Ward subsequently granted the motion to dismiss on April 20, 2011.

laches defenses, agree to discovery in Mexico, and make all witnesses and documents available in Mexico. Accordingly, the federal court entered a final order conditionally dismissing the case. The court's dismissal order included a return jurisdiction clause, providing that:

> Should the courts of Mexico refuse to accept jurisdiction of this case for reasons other than Plaintiffs' refusal to pursue an action or to comply with the procedural requirements of Mexican courts, this Court may reassert jurisdiction upon timely notification of the same.

The clients did not appeal this May 4, 2011 order.

Between February and May of 2013, the lawyers refiled in Mexico eleven of the more than eighty original cases. The Mexican courts rejected jurisdiction of the cases on the basis that the filings failed to comply with Mexican procedural requirements. In October 2013, the Lawyers filed a motion to reinstate the case in the federal court, arguing that Mexico had rejected jurisdiction over the cases.[3] In May 2014, the federal court denied this motion, observing that "[b]ecause counsel made no attempt to litigate those cases in Mexico in compliance with the court's Memorandum and Order, there is no basis upon which to reopen them here." With regard to the eleven cases that were refiled in Mexico, the federal district court found that the clients "did not prosecute the cases in good faith." Specifically, the district

---

[3] Due to Judge Ward's retirement, the reinstatement proceeding was heard by a third federal judge, the Honorable Marcia Crone.

court found that the clients failed to (1) inform the Mexican courts of the personal injury defendants' stipulations consenting to jurisdiction; (2) inform the Mexican courts of the federal court's orders granting dismissal based on forum *non conveniens*; and (3) translate copies of the stipulations and court orders for the Mexican court. Accordingly, the court denied the clients' motion to reinstate their underlying lawsuits, and provided that the clients could "not seek reinstatement in [the federal district court] unless and until they have pursued their claims in Mexico with diligence and good faith, including seeking final appellate review of any Mexican dismissal order."

Several months after the federal court's denial of the motion to reinstate the clients' cases, Arnold & Itkin withdrew from representing the clients. In its letter withdrawing from representation, it noted that the federal court's denial of the clients' motion to reinstate "provided a possibility that the cases could be brought in the United States," but expressed a belief that "the chances of the Court accepting jurisdiction for these cases even after following all steps is remote."

**B. The State Court Malpractice Action**

The clients did not re-file their claims in Mexico. Instead, alleging that any further action in Mexico would be futile, the clients filed this malpractice action in the Harris County District Court against the lawyers who represented them in the federal suit. In this suit, they seek the recovery of their personal injury damages from

6

the lawyers based on the recovery they alleged they would have obtained had they successfully remained in federal court in the United States.

The clients' malpractice claim rests on allegations that (1) "the [l]awyers negligently failed to allege that there was no available remedy in Mexico, as required to pursue a federal maritime claim under the Jones Act" and (2) the lawyers negligently failed to make meritorious arguments in support of their claim that Mexico was not an available forum and was not adequate for adjudicating their case. Absent the lawyers' negligence, the clients allege, the federal court would not have conditionally dismissed the case and the clients would have been allowed to proceed in their chosen forum of the United States federal courts.

With respect to the ripeness of their malpractice action, the clients concede that they do not plan to further pursue their cases in Mexico, but assert that pursuit of the claims in Mexico would be futile, and thus the federal court's return jurisdiction clause is not an obstacle to their claim of immediate injury. In particular, the clients contend that, although the personal injury defendants agreed to stipulate to jurisdiction in Mexico and waive the statute of limitations, these stipulations and waivers are invalid. Alternatively, the clients claim that the lawyers should have appealed the federal court's initial conditional dismissal order and that an appeal would have been successful.

The lawyers responded to the clients' malpractice suit with pleas to the jurisdiction and, in the alternative, pleas in abatement. The lawyers argue that the clients' legal malpractice claims are not ripe for adjudication because the clients had not suffered any injury and may not suffer any cognizable injury. They challenge the clients' disregard of the federal court's return jurisdiction clause, which the lawyers contend is an available remedy if Mexico truly is an unavailable forum, rather than merely an undesirable one. The lawyers argue that any harm suffered by the clients due to the lawyers' alleged malpractice has not occurred and cannot be known without a resolution of the clients' underlying personal injury claims.

The trial court denied the lawyers' jurisdictional pleas. The lawyers then petitioned for mandamus relief and requested permission to file an interlocutory appeal pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE. ANN. § 51.014(d) (West Supp. 2015); *see also* TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168. The clients have filed responses, including a motion to dismiss the permissive appeal for lack of jurisdiction. Because the parties submitted briefing on the merits in connection with the petition for a writ of mandamus, we approach the resolution of this issue in the mandamus context.

**DISCUSSION**

The lawyers contend that the trial court lacks jurisdiction over the malpractice suit because the clients' claims against the lawyers are not ripe for adjudication. To

be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). In this context, however, "[a] trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled." *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 405 (Tex. App.—El Paso 2010, orig. proceeding) (citing *Prudential*, 148 S.W.3d at 135).

## I. The clients' claims are not ripe because their alleged injury is based on purely hypothetical events.

In determining whether a case is ripe, courts consider whether the facts are sufficiently developed at the time a lawsuit is filed to show that an injury "has occurred or is likely to occur, rather than being contingent or remote." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (quoting *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)). A case is not ripe when an alleged injury "depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id*. Thus, for a claim to be ripe for adjudication, a plaintiff must present an established injury that is not based upon hypothetical facts. *See id.*

The clients contend that they have suffered a concrete injury because (1) they have lost the ability to litigate their claims in their chosen forum of the United States; (2) even if they can avail themselves of the return jurisdiction clause and reinstate

their claims in the United States, they must incur the expense of litigating their claims in Mexico; and (3) the federal court also dismissed their federal maritime claims, which clients argue are now barred by statutes of limitations. We discuss these in turn.

### A. The clients have not demonstrated a lost opportunity to litigate claims in the United States as a legal injury.

The federal court dismissal order expressly allows the clients to seek reinstatement of their claims in the United States if the Mexican courts refuse jurisdiction of claims that are properly pursued in the Mexican courts. Given the dismissal order's return jurisdiction clause, the clients' claim that they have lost the opportunity to assert their claims in the United States relies upon an uncertain or contingent future event that may not occur—namely, the federal court refusing to reinstate those claims that may properly be brought in the United States. Although the clients argue that seeking further relief in Mexico would be futile, they admittedly have not sought that relief—and affirmatively state that they have decided not to seek it. But they claim injury based upon the supposed event that the Mexican courts would bar their claims when properly presented as instructed by the federal court order. The clients fundamentally do not desire to proceed in Mexico, where admittedly any pecuniary remedy is limited or non-existent under Mexican law. But without that effort, any injury from the conditional order of dismissal due

to negligence (as opposed to the proper application of federal law) is purely hypothetical.

In the event that their claims are improperly barred in Mexico, the clients further contend, hypothetically, that the federal court would not reinstate the case. Unlike other malpractice actions that are based on claims and defenses that are presented and ruled upon, the clients in this case have opted not to further pursue their suit in Mexico. Thus, they have not presented to the federal court a request for reinstatement that complies with the conditions established in that court's orders.

Although the case at hand concerns whether the legal malpractice claims are ripe for adjudication, the Texas Supreme Court's holding in *In re Apex Towing Co.* and other limitations tolling cases like it are instructive. *See* 41 S.W.3d 118, 121 (Tex. 2001). In *Apex Towing*, the Texas Supreme Court held that the statute of limitations for a legal malpractice action based on underlying litigation is tolled pending the ultimate outcome of that underlying litigation. *Id.* In *Apex,* the plaintiffs sued their law firm for mishandling the defense of a maritime personal injury lawsuit. *See id.* at 118. In holding that limitations for the malpractice legal claims were tolled, the court reaffirmed *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991), in which it held that the tolling of the  statute of limitations on a malpractice claim extends until all appeals on the underlying claim are exhausted or the litigation is concluded. *Id.* at 119. The Court explained that limitations are tolled

11

because "the viability of [a legal malpractice] action depends on the outcome of the underlying litigation." *Id*. at 121.

The considerations in *Apex* are evident in this case: the viability of the legal malpractice claims alleged by the clients depends on the outcome of personal injury litigation in Mexico and in federal court, where the only procedural progress has been the determination of a presumptive forum in Mexico. *See id*. The alleged injuries are intertwined with and dependent upon further hypothetical adjudication by both Mexican courts and the federal district court.

Similarly, in the context of accounting malpractice, the Texas Supreme Court held that a cause of action for negligence based on the accountant's use of the cash instead of the accrual method of accounting for tax purposes did not accrue until the Internal Revenue Service had assessed a tax deficiency. *Atkins v. Crosland,* 417 S.W.2d 150, 153 (Tex. 1967) (holding that cause of action for malpractice "did not arise until the tax deficiency was assessed" because "[p]rior to assessment the plaintiff had not been injured."); *see also Street v. Honorable Second Court of Appeals,* 756 S.W.2d 299, 302 (Tex. 1988) (liability in *Stowers* action accrued when final judgment was rendered in underlying suit regardless of pending appeals because final judgment placed insured at risk for paying it).

In addressing the ripeness question in the legal malpractice context, the Dallas Court of Appeals relied on *Atkins* to observe that "[w]here the misfeasance or

12

nonfeasance is intertwined with an adjudicative process that is necessary to complete invasion of the protected interest, injury is not suffered until an adjudicative decision is made." *Rothrock v. Akin, Gump, Hauer & Feld*, 1994 WL 183318, at \*7 (Tex. App.—Dallas May 11, 1994, no pet.) (citing *Atkins*, 417 S.W.2d at 153 (cause of action for accountancy malpractice did not accrue until tax deficiency was assessed)); *see also Philips v. Giles*, 620 S.W.2d 750, 751 (Tex. Civ. App.—Dallas 1981, orig. proceeding) (cause of action for legal malpractice arising from negligently rendered tax advice would not accrue, if at all, until deficiency assessed). In *Rothrock,* the court held that a debtor in bankruptcy had no cause of action for legal malpractice until the bankruptcy court denied discharge of his debts; thus, he had individual standing to bring the claims because they arose after he had filed bankruptcy. *See Rothrock,* 1994 WL 183318, at \*9. We agree with our sister court's analysis, which looks to determine whether the injury has been sustained rather than the possibility that it will be sustained based on hypothetical future rulings. *See id.; Philips*, 620 S.W.2d at 751; *see also In re Tex. Collegiate Baseball League, Ltd.,* 367 S.W.3d 462, 468 (Tex. App.—Fort Worth 2012, org. proceeding) (granting mandamus relief in legal malpractice action because fee claims, like malpractice claims, were not mature where underlying litigation was not resolved).

The two cases that the clients rely on in support of their argument presented an actual injury. In *Vanderwyest v. Boudreaux*, a judgment creditor filed a

13

negligence claim against a county clerk for approving an insufficient supersedeas bond. No. 01–02–00928–CV, 2003 WL 22255833, at *1 (Tex. App.—Houston [1st Dist.] Oct. 2, 2003, pet. denied). The judgment creditor claimed the lost ability to collect on the judgment from the surety as a concrete injury. *See id.* at *4. The county filed a plea to the jurisdiction, arguing that the judgment creditor's negligence claim was not ripe. *Id*. at *2, *4. Our court held that the lost ability to execute on the judgment was an injury that was not contingent upon a future event—the judgment had been obtained at that point and the amount of the bond was insufficient to meet it. *Id.* The fact that the judgment might later be set aside did not undo the existing injury. Unlike the injury claimed in *Vanderweyst*, the clients in this case have forgone the opportunity to pursue their claims to a resolution due to the undesirability of a Mexican forum; they have not obtained an adjudicative decision on their personal injury claims, because the adjudication stopped with the determination of a forum. We reject the concept of a hypothetical adjudicative decision as a basis for demonstrating a cognizable injury in a malpractice case. *See Rothrock,* 1994 WL 183318 at *8.

The clients' second case, *Rhodes v. Batilla*, is similarly distinguishable. 848 S.W.2d 833 (Tex. App.—Houston [1st Dist.] 1993, writ denied). There, the Fourteenth Court of Appeals upheld a malpractice action against an attorney whose negligent handling of a tax matter resulted in an assessment by the Internal Revenue

Service. *Id.* at 842. The court noted that "there was no requirement that [plaintiff] appeal the final assessment by the IRS in order to establish the open and obvious malpractice committed by appellant." *Id.* In *Rhodes,* however, the injury arising from the alleged malpractice—a tax assessment—had occurred. *See id.* Here, in contrast, the clients' claimed injury that they have lost the opportunity to pursue their claims in the United States has not and may never occur because the dismissal for *forum non conveniens* was subject to a return jurisdiction clause.

We agree with the clients that causation in legal malpractice cases may be established through expert testimony regarding what the outcome would have been but for the alleged malpractice. But expert testimony cannot establish a concrete injury in the first instance. No client has lost the personal injury case; rather, the adverse ruling in the underlying litigation is the determination between two forums, conditioned on further events that have not come to pass because complying with those conditions would require zealous advocacy in the less desirable forum.

Finally, the clients argue that "[e]ven if [their] claims are not barred in Mexico and a Mexican court would accept jurisdiction . . . then the Clients have still suffered some 'concrete' injury that is not contingent on any future events because, unlike the discovery and procedural rules available to the Clients in the United States, the courts in Mexico provide for very limited discovery and do not afford the Clients with procedural safeguards . . . ." The clients essentially claim an injury based upon

Mexico being an inadequate forum to litigate their underlying claims. But the federal courts, like the federal district court in this case, have found Mexico to be an adequate forum, and the clients' claimed injury is contrary to Texas Supreme Court authority similarly finding Mexico to be an adequate forum. *See*, *e.g.*, *In re Pirelli Tire*, L.L.C., 247 S.W.3d 670, 678 (Tex. 2007) (holding Mexico to be available and adequate forum after rejecting arguments that forum was inadequate due to restrictions on discovery and damages); *accord In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 575-77 (Tex. 2015). To the extent that the clients' alleged injury is the fundamental inadequacy of Mexican law, this inadequacy has been rejected as a basis for commanding a forum in the United States and Texas courts. Accordingly, we hold that it cannot serve as a cognizable legal injury in a legal malpractice claim.

### B. The clients' alleged litigation expense injury is a contingent claim.

The clients further allege that, even if they eventually avail themselves of the return jurisdiction clause in the dismissal order, they are injured by the lost opportunity to pursue their claims in the United States without first litigating in Mexico. The clients argue that the lawyers caused this injury by their "failure to assert proper evidence and argument in response to the *forum non conveniens* motion or, alternatively, timely appeal the dismissal" which will cause the expenditure of "time, effort and money in the form of attorney's fees and costs in exhausting their

remedies in Mexico which the Clients allege (and prove) will be futile." This alleged injury is hypothetical and speculative because the clients have not further pursued their claims in Mexico and thus have not—and may never—incur such expenses. *See Tex. Collegiate Baseball League,* 367 S.W.3d at 468 (rejecting argument that fee claim was mature when underlying litigation was unresolved).

**C. The claims relating to the inadequacy of the arguments advanced in the federal suit are not ripe given the federal court's disposition.**

Finally, the clients argue that, even if the return jurisdiction clause renders their malpractice action unripe, they have alleged an injury resulting from the federal court's dismissal of their federal maritime claims. The clients acknowledge that the dismissal of these claims was without prejudice to their refiling them, but argue that (1) these claims are barred by statutes of limitations and cannot be re-filed, and (2) unlike the dismissal of the Mexican law claims on the basis of *forum non conveniens*, the dismissal of their claims was not subject to the return jurisdiction clause.

This aspect of the clients' claim rests on their contention that their maritime claims are now barred by statutes of limitations and are not subject to the return jurisdiction clause. Both contentions present a hypothetical ruling by the federal court that the personal injury defendants' limitations waivers apply to claims filed in Mexico only and are inapplicable to the claims that the clients brought in the United States before the federal court sent the case to Mexico. But the limitations waiver, on its face, contains no such limitation: the federal court stipulation provides

that "[the personal injury defendants] agree to waive any statute of limitations or laches defense that they did not possess as of the date this lawsuit was originally filed." A return jurisdiction clause would be of little use if limitations ran in the United States while the clients pursued their claims in Mexico as required by the dismissal order. Because (1) a waiver of limitations is in place in the personal injury suit, and (2) no court has ruled that any of the clients' personal injury claims are time-barred, the clients have failed to demonstrate a concrete injury based upon the dismissal without prejudice of the federal maritime claims.[4]

## II. The lawyers are entitled to mandamus relief.

Mandamus is available to resolve a denial of a plea to the jurisdiction when one court actively interferes with the exercise of jurisdiction by a court possessing dominant jurisdiction, *see In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011), and when the size and complexity of the litigation indicate that it may be a prudent use of judicial resources to permit a preliminary resolution. *See In re E.I. du Pont de Nemours & Co.,* 92 S.W.3d 517, 524 (Tex. 2002). An appellate remedy is adequate,

---

[4] We note, as the federal court did, that the Jones Act requires dismissal of claims brought by foreign nationals in these circumstances. Under the Jones Act, when foreign nationals sue for injuries sustained in a foreign territory, remedies under the Jones Act and United States maritime law are available only if neither the jurisdiction where the accident occurred nor the jurisdiction where the injured persons reside affords a remedy. *See* 46 U.S.C.A. § 30105(b), (c); *Stier v. Reading & Bates Corp.*, 992 S.W.2d 423, 431-33 (Tex. 1999). Mexico is an acknowledged available forum. *See Bridgestone Ams. Tire Operations*, 459 S.W.3d at 575-77; *Pirelli Tire*, 247 S.W.3d at 677-78.

on the other hand, when the "benefits to mandamus review are outweighed by the detriments." *Prudential,* 148 S.W.3d at 136. The Texas Supreme Court favors mandamus review to:

> preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring reversal of improperly conducted proceedings.

*Id*. Among other things, courts should consider "the impact on the legal system" in determining whether mandamus relief is appropriate. *Id*. at 137. The plea to the jurisdiction in this case addresses the central issue of whether there is an injury ripe for adjudication and involves yet a third forum for seeking a remedy for underlying personal injury claims that have never been fully adjudicated. A trial on the malpractice claims would require that the trial court determine whether (1) courts in Mexico would accept jurisdiction over the underlying personal injury claims when properly presented and (2) the federal district court would allow the claims to be reinstated under the return jurisdiction clause. Both constitute hypothetical rulings. Because we hold that the malpractice claims are not ripe, a complex trial on these claims would be an unreasonable use of resources for both the judicial system and the parties. *See E.I. du Pont de Nemours & Co*., 92 S.W.3d at 524; *see also Tex. Collegiate Baseball League,* 367 S.W.3d at 468 (granting mandamus relief in legal malpractice case where cause of action had not matured).

19

Finally, the trial judge has certified that the question presented in this mandamus and by the accompanying interlocutory appeal is one that is outcome determinative. Although we dismiss the petition for permissive appeal as moot, we note that the arguments in favor of accepting the permissive appeal similarly suggest that mandamus relief would be appropriate. Whether brought as a mandamus petition or as an interlocutory appeal, the issue of whether a dismissal for *forum non conveniens* with a return jurisdiction clause presents an injury ripe for adjudication has not been addressed by Texas courts and "is likely to recur." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (noting in granting mandamus that petition involved legal issue "that is likely to recur"). Accordingly, we hold that mandamus relief is an available remedy for determining the question of ripeness in this case.

## CONCLUSION

We conditionally grant mandamus relief and direct the trial court to vacate its order denying the lawyers' plea to the jurisdiction and grant the plea. The writ will issue only if the trial court fails to comply with this order. We dismiss the petition for permissive appeal as moot.


        Jane Bland
        Justice


Panel consists of Justices Bland, Brown, and Lloyd.

20